**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

| | |
|---|---|
| ROLANDO BANZAN LOPEZ, | ) |
| | ) |
|    Movant, | ) |
| | ) |
| v. | )     No. 1:21-cv-01097-STA-jay |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|    Respondent. | ) |

**ORDER TRANSFERRING SUCCESSIVE HABEAS PETITION TO UNITED STATES
COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On February 5, 2026, Rolando Banzan Lopez, Bureau of Prisons register number 36792-079, filed a series of *pro se* Motions: a Notice of Judicial Summary (ECF No. 47), a Motion for Relief From Judgment Pursuant to Federal Rule of Civil Procedure 60(b) (ECF No. 48), an Affidavit in Support of Motion for Relief from Judgment (ECF No. 49), a Motion to Confirm Rule 60(b) Jurisdiction and Preclude Recharacterization as a Successive Section 2255 Motion (ECF No. 50), a Motion for an Evidentiary Hearing (ECF No. 51), and a Motion for an Order to Show Cause (ECF No. 52).[1]

The Court construes Lopez's new filings in this case as a second or successive motion for relief under section 2255. Under 28 U.S.C. § 2244(a), "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a

---

[1] Lopez included a cover sheet with his Motions and stated in the coversheet that the Motions were being made in civil case no. 24-cv-1187, a case in which Lopez made civil rights claims under 42 U.S.C. § 1983 against one of his attorneys. The Court denied the motions on the merits. Lopez subsequently moved for reconsideration, arguing that his Motions were filed by mistake in the wrong case. The Court granted Lopez's request for reconsideration and directed the Clerk of Court to docket the Motions in the case at bar.

person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." 28 U.S.C. § 2244(a). A petitioner bringing a second, successive motion under § 2255 must first make a motion under 28 U.S.C. § 2244(b)(3) in the Court of Appeals "for an order authorizing the district court to consider the application." § 2244(b)(3). Under § 2255(h), a "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h).

Here, Lopez has requested relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure. A Rule 60(b) motion is second or successive "when that motion is filed after the [movant] has appealed the district court's denial of his original [§ 2255 motion] or after the time for the [movant] to do so has expired." *Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016). On August 19, 2024, the Court entered judgment on Lopez's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Lopez appealed the decision, and on April 15, 2025, the United States Court of Appeals for the Sixth Circuit denied Lopez a certificate of appealability. "A Rule 60(b) motion that 'is in substance a successive [§ 2255 motion]' must 'be treated accordingly.'" *In re West*, 103 F.4th 417, 420 (6th Cir. 2024) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005)).

The Court lacks authority to consider Lopez's requests for relief. The Court has already determined the legality of Lopez's sentence, and Lopez has appealed that decision. As such,

Lopez's Motions filed on February 5, 2026, constitute a second or successive petition. However, Lopez has not shown that he made a motion for § 2244(b)(3) authorization with the Sixth Circuit prior to filing his second § 2255 Motion with this Court.

"[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (per curiam). Under the circumstances, the Court must transfer Lopez's second petition to the Sixth Circuit. The Petition is therefore **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit. The Clerk of Court is directed to terminate each of Lopez's motions, pending a decision from the Sixth Circuit.

     **IT IS SO ORDERED**.

          **s/ S. Thomas Anderson**
          S. THOMAS ANDERSON
          UNITED STATES DISTRICT JUDGE

          Date: March 30, 2026